COMMONWEALTH of Pennsylvania,
Appellee,

v.

Pedro Larrazabal DIAZ, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.
Filed Nov. 22, 2006.
Reargument Denied Jan. 26, 2007.

Kenneth A. Snarey, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: TODD, GANTMAN, and JOHNSON, JJ.

OPINION BY TODD, J.:

¶ 1 Pedro Larrazabal Diaz appeals *nunc pro tunc* the order entered October 18, 2006 by the Court of Common Pleas of Allegheny County denying, without an evidentiary hearing, his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] For the following reasons, we vacate and remand for an evidentiary hearing.

¶ 2 The relevant facts and procedural history of this matter, which originates from two separate criminal incidents, are as follows. At docket No. CC 200018094, Appellant was charged with possession, possession with intent to deliver, and delivery of a controlled substance following an incident that occurred on November 27, 2000. He secured the services of Jon C. Botula, Esquire, who entered an appearance on his behalf. Following several postponements, Appellant appeared before the Honorable Jeffrey Manning on April 8, 2002 to enter a negotiated guilty plea. Appellant completed a written guilty plea colloquy form, and Judge Manning accepted his plea in open court. Appellant was placed under house arrest with work release pending sentencing, which occurred on July 17, 2002. As part of the plea agreement, the Commonwealth waived the applicable five-year mandatory sentence, and Judge Manning sentenced Appellant to 30 to 60 months imprisonment, with credit for time served, and agreed to make a recommendation that Appellant be admitted to motivational boot camp. Also on July 17, 2002, Appellant entered a negotiated guilty plea before the Honorable Donna Jo McDaniel at docket No. CC 200106854 to possession of a controlled substance, possession with intent to deliver a controlled substance, and criminal conspiracy. Judge McDaniel immediately sentenced Appellant to three to six years imprisonment to run concurrently with the sentence imposed by Judge Manning, plus one year probation. Judge McDaniel also recommended that Appellant be admitted into motivational boot camp. Appellant filed neither post-sentence motions, nor a direct appeal.

¶ 3 On July 16, 2003, Appellant filed *pro se* his first PCRA petition, and D. Scott Lautner, Esquire, was appointed to represent him. On June 17, 2004, Attorney Lautner filed an amended PCRA petition on Appellant's behalf, but subsequently sought to withdraw from representation of Appellant. The trial court granted Attorney Lautner's petition, and Kenneth A. Snarey, Esquire, was appointed on Appellant's behalf. On February 3, 2005, Attorney Snarey filed a second amended PCRA petition.

¶ 4 On June 23, 2005, Judge Manning issued an opinion/notice of his intention to dismiss Appellant's PCRA petition without an evidentiary hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and subsequently dismissed the petition on October 18, 2005.

¶ 5 Because this order was never docketed, on March 2, 2006, Judge Manning

---

1. 42 Pa.C.S.A. §§ 9541–9546.

granted Appellant leave to appeal *nunc pro tunc* his denial of Appellant's PCRA petition. Appellant timely filed a statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On appeal, Appellant asks us to consider the following questions, which we have paraphrased and reordered:

1. Whether plea counsel Attorney Botula was ineffective for advising Appellant that he was eligible to participate in a boot-camp program while incarcerated, where such advice was erroneous and was material to Appellant's decision to accept the plea bargain?

2. Whether Attorney Botula was ineffective for advising Appellant that he would not be subject to deportation if he pled guilty where such advice was erroneous and was material to Appellant's decision to accept the plea bargain?

3. Whether the Court of Common Pleas erred in dismissing Appellant's PCRA petition without conducting an evidentiary hearing?

4. Whether Appellant is entitled to reinstatement of his right to file post-sentence motions and a direct appeal from his judgment of sentence in light of the ineffectiveness of his trial counsel?

(Appellant's Brief at 4.)

 ▪ ¶ 6 We note at the outset that our review of the denial of PCRA relief "is limited to determining whether the record supports the findings of the PCRA court and whether the court's order is otherwise free of legal error." *Commonwealth v. Williams*, 730 A.2d 507, 510 (Pa.Super.1999). The findings of the PCRA court "will not be disturbed unless they have no support in the record." *Common-*

*wealth v. Patterson*, 456 Pa.Super. 202, 205, 690 A.2d 250, 252 (1997).

 ¶ 7 To prevail on a claim of ineffectiveness of counsel, a defendant "must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." *Commonwealth v. Wallace*, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). It is defendant's burden to prove all three prongs of this standard. *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995). To sustain a claim of ineffectiveness, counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 494 Pa. 229, 233, 431 A.2d 233, 234 (1981). Further, we have explained that

> [c]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made."

*Commonwealth v. Lewis*, 708 A.2d 497, 500–01 (Pa.Super.1998) (citations omitted).

¶ 8 Appellant's first two claims pertain to the validity of his guilty plea. He first argues that, based on Attorney Botula's erroneous advice, he believed that he was eligible to participate in boot camp and, for that reason, accepted the guilty pleas. (Appellant's Brief at 17.) He argues that had he been timely advised that his counsel's advice was incorrect, he would have

considered withdrawing his guilty plea and/or taking other necessary steps to remedy the error. *(Id.)* He further argues that he was prejudiced by his counsel's advice and would have elected to go to trial had he known that he was not eligible for boot camp because he was an alien. *(Id.* at 19.)

¶ 9 In support of his claims, Appellant cites our decision in *Commonwealth v. Hickman,* 799 A.2d 136 (Pa.Super.2002), wherein we held that the appellant had been prejudiced by his plea counsel's advice to plead guilty on the mistaken belief that Appellant would be eligible for boot camp and that his guilty plea was, therefore, invalid. *Id.* at 141–143. There we found that the ineffectiveness of the appellant's plea counsel prejudiced the appellant where he established that it was reasonably probable that he would not have pled guilty had he known that he was not eligible for boot camp. *Id.* at 141–42. Accordingly, we found that counsel's constitutionally deficient advice caused the appellant's plea to be involuntary and unknowing, and we remanded the matter to permit the appellant to withdraw his guilty plea. *Id.* at 142.

¶ 10 Appellant's second, related, argument is that his plea counsel also was ineffective in having advised him that he would not be deported if he elected to plead guilty. He argues that *Hickman, supra,* is controlling in that, because there was a reasonable probability that he would not have pled guilty but for his plea counsel's deficient advice, his plea was involuntary and unknowing. (Appellant's Brief at 22.) Appellant adds that, because he presented sufficient factual allegations in dispute to warrant an evidentiary hearing, the PCRA court erred in dismissing his PCRA petition at this juncture. *(Id.* at 24–25.)

¶ 11 In support of his denial of Appellant's PCRA petition without a hearing, Judge Manning reasoned:

[Appellant's] final two claims go to the validity of his guilty plea. [Appellant] contends that his plea was not knowingly and voluntarily made because he was not advised of the collateral consequences of his plea, i.e. that he would be deported. He also contends that he was not advised that he would be ineligible for boot camp. It is clear that [Appellant] need not be advised of the collateral consequences of the entry of a plea such as a sentence imposed for violating the probation of parole, the suspension of a driver's license, or deportation. Accordingly, [Appellant] can obtain no relief on the claim with regard to the deportation.

Similarly, [Appellant] cannot obtain relief because he was not admitted into boot camp. At the time of the plea and at the time of sentencing [Appellant] was advised that the Court would, "recommend" his admission to boot camp. It is clear from the record that [Appellant] was aware at the time of his plea and sentencing that this was a recommendation to be sent to the Department of Corrections but that, ultimately, that department would determine where [Appellant] would serve his sentence. Admission to the boot camp program was **not** a condition of [Appellant's] plea. The only condition of the plea would be that the Court would recommend the boot camp.... Accordingly, [Appellant] cannot obtain relief on this claim.

(Trial Court Opinion, 6/23/05, at 3–4 (emphasis original).)

¶ 12 In response to Appellant's claims, the Commonwealth, although highlighting certain factual distinctions between the present case and our decision in *Hickman,* nevertheless concedes that an evidentiary

hearing is warranted to allow the PCRA court to make necessary factual and credibility determinations based on a more complete record in light of Appellant's various claims. (Commonwealth's Brief at 17–18.) In addition, the Commonwealth cites our recent decision in *Commonwealth v. Rathfon*, 899 A.2d 365 (Pa.Super.2006), wherein we affirmed the PCRA court's determination that the appellant was entitled to withdraw his guilty plea based on his assertion that his guilty plea was not knowing or intelligent. The appellant in that case argued that his plea counsel had provided ineffective assistance by erroneously leading the appellant to believe that, if he pled guilty, he could serve his sentence in county jail. *Id.* at 368.

¶ 13 Rule 907 of the Pennsylvania Rules of Criminal Procedure permits a trial court to dismiss a PCRA petition without a hearing only if the judge determines that no genuine issues of material fact exist on the record and the appellant is not entitled to post-conviction relief. Pa.R.Crim.P. 907. In the present case, Appellant asserts that his guilty plea was based on two misunderstandings which rendered his plea involuntary and unknowing. First, he asserts that neither counsel, nor the court, recognized at the time of sentencing that Appellant would not be eligible for boot camp.[2] Additionally, Appellant argues that his counsel specifically and erroneously advised him that he would not be deported if he elected to plead guilty.[3] Because there was no hearing below, these factual issues remain and must be resolved in order to assess whether Appellant's guilty plea was knowing and voluntary in light of his plea counsel's advice. Therefore, we vacate the PCRA court's order dismissing Appellant's PCRA petition and remand the matter to the PCRA court to conduct an evidentiary hearing.[4]

¶ 14 Order **VACATED.** Case **RE-MANDED.** Jurisdiction **RELIN-QUISHED.**

2. The trial court's assertion that it agreed merely to recommend boot camp is not dispositive because a recommendation implies, at least, the possibility of boot camp. There was no such possibility here.

3. Although the trial court correctly asserts that there was no legal obligation to apprise Appellant of the collateral consequence of de-portation, in this case the issue is whether Appellant's counsel specifically, and erroneously, advised Appellant that he would **not** be deported.

4. In light of our disposition of this case, we need not reach Appellant's fourth claim of error.