**Commonwealth v. Lowery**

*Francis J. Schultz,* for Commonwealth.
*Ross C. Prather,* for defendant.

SPATARO, *J.,* September 29, 2009—We now address petitioner's second amended petition for post-conviction

collateral relief following an evidentiary hearing. Petitioner, Derrick Lowery, was convicted, following a plea of nolo contendere, of one count of aggravated assault by vehicle while DUI and one count of DUI. He was sentenced on March 1, 2007. Petitioner did not file a post-sentence motion with this court, nor was a direct appeal pursued. A pro se petition for post-conviction collateral relief was filed on February 1, 2008, followed by an amended petition of the same filed by appointed counsel on March 26, 2008. On June 30, 2008, this court held a hearing upon consideration of the amended petition and determined that an evidentiary hearing was not necessary at that time and instructed PCRA counsel Ross C. Prather to file a second amended petition after being provided with the same discovery materials trial counsel received from the district attorney's office.

The second amended petition for post-conviction collateral relief was filed on January 16, 2009, and this court held a rule to show cause hearing on March 30, 2009. This court then scheduled an evidentiary hearing in its order of March 30, 2009, to address the issue of whether petitioner's trial counsel was ineffective for allegedly failing to provide petitioner with discovery materials, which petitioner claims led to him unknowingly entering into a plea of nolo contendre. Petitioner, who is currently on parole, seeks to withdraw his plea of nolo contendere on the grounds that he entered into the plea unknowingly due to his trial counsel's ineffectiveness. An evidentiary hearing was held on June 30, 2009, and we find that petitioner has failed to establish that his trial counsel rendered ineffective assistance of counsel at any time during his representation of the petitioner.

Petitioner's second amended petition for post-conviction collateral relief involves a singular issue, that being as follows:

"(1) Whether petitioner's entry of a plea of nolo contendere was entered into unknowingly due to trial counsel's alleged ineffectiveness in failing to provide the petitioner with a significant piece of evidence, which may have nullified an element of the offenses charged and was allegedly not brought to the petitioner's attention until after sentencing."

In order to obtain post-conviction collateral relief, a petitioner must demonstrate by a preponderance of the evidence, the following:

"(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

"(i) Currently serving a sentence of imprisonment, probation or parole for the crime; . . .

"(2) That the conviction or sentence resulted from one or more of the following: . . .

"(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. . . .

"(3) That the allegation of error has not been previously litigated or waived.

"(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S. §9543.

To prevail on this claim of ineffective assistance of counsel, the petitioner must be able to overcome the presumption that counsel was competent by showing that:

"(1) [petitioner's] claim is of arguable merit;

"(2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and

"(3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Commonwealth v. Hammond,* 953 A.2d 544, 556 (Pa. Super. 2008).

Petitioner's failure to satisfy any one of the three prongs of this test requires that the claim for ineffective assistance of counsel be rejected. *Hammond,* 953 A.2d at 556. The Pennsylvania Superior Court has discussed ineffective assistance of counsel in the context of entering a plea as follows:

" 'A criminal defendant has the right to effective counsel during a plea process as well as during trial.' *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002). 'The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]' *Commonwealth v. Diaz,* 913 A.2d 871, 873 (Pa. Super. 2006). (citation omitted) Instead, 'the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.' *Commonwealth v. Morrison,* 878 A.2d 102, 105 (Pa. Super. 2005). 'The voluntariness of [the] plea depends

on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.' *Commonwealth v. Lynch,* 820 A.2d 728, 732 (Pa. Super. 2003). (citation omitted) Therefore, '[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.' *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 587 (1999)." *Commonwealth v. Bedell,* 954 A.2d 1209, 1212 (Pa. Super. 2008).

Petitioner claims that his plea was unknowing because his trial counsel, Attorney J. Wesley Rowden, withheld from him a significant piece of evidence that would have nullified an element of the charged offenses. Petitioner's charges arose from a serious motor vehicle accident that occurred on March 6, 2006. Petitioner and his girlfriend at the time, Amanda Shumaker, were both under the influence of drugs and alcohol at the time of the accident. Petitioner was on parole for a previous conviction at the time the accident occurred. Petitioner suffered a head injury from the accident and Ms. Shumaker suffered very serious injuries including a broken collarbone, four fractured disks, several fractured vertebrae, a tear in her liver, three broken ribs, and a punctured lung. It appears that neither the petitioner nor Ms. Shumaker were able to clearly recollect who was driving at the time of the accident. Petitioner made an admission to Pennsylvania State Trooper Ott that he was operating the vehicle at the time of the accident, but petitioner now claims that he was disoriented from his head injury and could not have competently made such an admission. Petitioner was believed to be the driver of the vehicle in part from his

statement to Trooper Ott and from Ms. Shumaker's victim impact statement.

Petitioner was faced with multiple charges relating to the accident, including driving under the influence from his use of controlled substances and alcohol, driving with a suspended license, and aggravated assault by vehicle while DUI. Petitioner was also facing consequences from his parole violation because he had been using drugs and alcohol while he was under supervision. Petitioner's counsel, Attorney Rowden, was faced with the difficult task of defending petitioner in this matter, and petitioner was no stranger to the criminal justice system. Petitioner was a repeat drug and alcohol offender, a parole violator, and had been convicted of many other offenses listed on his record as both a juvenile and an adult. Additionally, Attorney Rowden was dealing with a client who had made an admission to a police officer that he was operating the motor vehicle at the time of the accident. Petitioner later claimed that he was unaware of who was driving, as did Ms. Shumaker, but petitioner decided, on the advice of his counsel, to enter into a plea bargain. Petitioner claims that part of the basis for entering into this plea was Attorney Rowden's belief that petitioner would lose at trial due to the admission he made to Trooper Ott.

Petitioner testified at the evidentiary hearing and alleged that Attorney Rowden did not share the discovery packet with him, or any other information that the Commonwealth had regarding his case. Petitioner then backtracked on this statement and acknowledged that Attorney Rowden had shared his records, and then alleged that

Attorney Rowden did not share the entire discovery packet with him. Petitioner was vexed because he had asked Attorney Rowden in a letter dated November 2, 2006 to "please come out and talk to me, and also could you give me a copy of the discovery packet." The letter of November 2, 2006 from the petitioner to Attorney Rowden provides significant insight into this matter. Petitioner testified that he would not have entered a plea, but would have gone to trial, if he had known of the information contained in the discovery packet. Petitioner attempted to bolster this claim with the fact that he had stated at sentencing that he did not remember who drove on the night of the accident. Petitioner's argument is that he was unaware that any medical documentation existed that stated Ms. Shumaker may have been the driver, and that Attorney Rowden was ineffective for failing to provide him with these documents.

Petitioner's claims during his testimony at the evidentiary hearing are weakened by the fact that he stated in the letter of November 2, 2006 that "in [Amanda's] records she states that she was the driver." Contrary to his statements at the evidentiary hearing, petitioner was aware that medical documents existed, as stated in his letter, and he was aware from talking to Ms. Shumaker that some of those records referred to her as the driver. Petitioner admitted in his testimony that Attorney Rowden was also a source of his knowledge regarding Ms. Shumaker possibly being the driver during the accident. Petitioner's claims that he entered into his plea unknowingly because Attorney Rowden failed to give him the entire discovery packet are significantly diminished by his testimony and the contents of his letter.

Attorney Rowden also testified during the evidentiary hearing on this matter. Petitioner retained his services on June 13, 2006, for the preliminary hearing, and also through trial and sentencing. Petitioner told Attorney Rowden that Ms. Shumaker was his girlfriend, and that she had been injured in the accident and had filed a civil suit against him. Petitioner also told Attorney Rowden that Ms. Shumaker had been driving at some point in the evening, but that he could not remember who was driving at the time of the accident. Finally, petitioner told Attorney Rowden that Ms. Shumaker had records saying that she was the driver prior to the preliminary hearing.

Attorney Rowden received discovery materials from the Commonwealth on September 7, 2006 and December 8, 2006. The materials received on September 7, 2006, included the crash report, property records, and Ms. Shumaker's medical records. Attorney Rowden testified that he met with the petitioner three to four times from September 7, 2006 to January 2, 2007. During these meetings they went over the petitioner's statement to Trooper Ott and also Ms. Shumaker's medical records. Attorney Rowden testified that he showed petitioner the discovery materials prior to the plea agreement, which included records referring to Ms. Shumaker as the driver during the accident.

The petitioner requested portions of the discoverable material from Attorney Rowden, and Attorney Rowden stated that he gave the petitioner those portions, but did not provide the entire discovery packet to the petitioner because it was voluminous. Attorney Rowden said that providing petitioner with portions of the discovery

packet was consistent with his general practice of only giving portions of the discovery packet to his clients. Attorney Rowden and the petitioner later discussed the plea offer from the Commonwealth and the petitioner was advised that he would be serving time regardless of what happened at trial because he had been taking controlled substances in violation of his parole. Attorney Rowden testified that the petitioner expressed remorse at one point over his decision to enter a plea, so Attorney Rowden asked the petitioner if he would like to withdraw his plea. Petitioner stated that he did not want to withdraw his plea, so Attorney Rowden advised him on the discretion a judge has during sentencing in preparation for sentencing.

On cross-examination, Attorney Rowden was questioned about his discussions with the petitioner regarding the case and why the decision was made to enter a plea over going to trial. Attorney Rowden testified that he had discussed the entire case with the petitioner, including the use of Ms. Shumaker's medical records. Attorney Rowden explained to the petitioner that the medical records never specifically indicated that Ms. Shumaker was the driver. The doctors who had treated Ms. Shumaker merely assumed that she was the driver during the accident. This was evident from the fact that some doctors indicated that Ms. Shumaker was the driver, while another doctor indicated that Ms. Shumaker was the passenger. Attorney Rowden also explained to the petitioner that introducing Ms. Shumaker's medical records at trial could negatively impact his chances at trial because such evidence opened up a "whole new can of worms."

After a careful review of the record, we find that the petitioner has failed to establish that Attorney Rowden rendered ineffective assistance of counsel during the plea process. Petitioner was required to establish that his counsel's ineffectiveness resulted in his unknowing, involuntary, or unintelligent entry of a plea. *Bedell,* 954 A.2d at 1212. Not only has the petitioner failed to establish that his counsel's ineffectiveness resulted in him entering a plea unknowingly, petitioner has failed to establish that Attorney Rowden rendered ineffective assistance of counsel. Petitioner's argument that Attorney Rowden's failure to provide him with the entire discovery packet resulted in his entry of a plea unknowingly is contrary to a clear and transparent record. Petitioner was well aware of the fact that some of Ms. Shumaker's medical records referred to her as the driver of the vehicle during the accident, and this is evident from petitioner's own letter to Attorney Rowden. With this knowledge, petitioner still decided to enter a plea in this case. Moreover, petitioner admitted in his testimony at the evidentiary hearing that Attorney Rowden was a source of his knowledge that Ms. Shumaker was possibly driving during the accident.

We find Attorney Rowden's testimony to be credible regarding the fact that he discussed the entire case with the petitioner, he showed and discussed the discovery packet with the petitioner, and he provided sound advice to the petitioner based upon a proper strategy designed to protect the petitioner's interests. Attorney Rowden successfully negotiated a favorable plea deal under circumstances that included strong evidence against the

petitioner, secondary evidence in the form of medical records that had the potential to do more harm than good at trial, and the fact that the petitioner was in violation of his parole agreement. Defendant received the benefit of the bargain when he entered his plea, and is now attempting to renege on a plea that was based upon negotiations made in good faith. Furthermore, Attorney Rowden told the petitioner that he could withdraw his plea when petitioner expressed regret over his entry of a plea prior to sentencing, but the petitioner decided against taking such action. Petitioner's claim that he entered his plea unknowingly because his counsel did not provide him with a copy of the entire discovery packet until after sentencing is meritless. Petitioner was established to have had the same knowledge before and after his sentencing with regard to Ms. Shumaker's medical records, and Attorney Rowden proved to be very effective in the handling of petitioner's case.

Accordingly, for the reasons set forth in this memorandum, we now enter the following order:

## ORDER

And now, September 29, 2009, we find and order as follows:

(1) The petitioner's second amended petition for post-collateral relief is denied.

(2) The grounds for denying relief are those presented in the attached memorandum.

(3) The petitioner is hereby notified that he has a right to file an appeal of this order, denying his second amend-

ed petition, with the Superior Court. Any such appeal must be filed within 30 days from this date.

(4) The clerk of courts shall send a true and correct copy of this memorandum and order to the petitioner at his last known address and to PCRA counsel, Ross C. Prather, both by regular mail, postage prepaid and by certified mail, return receipt requested.