J-S34011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW MORRIS, | |
| Appellant | No. 1842 MDA 2014 |

Appeal from the PCRA Order October 7, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003254-2012

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:          **FILED OCTOBER 14, 2015**

Matthew Morris appeals from the October 7, 2014 order denying him PCRA relief.  We affirm.

Appellant was charged in two criminal informations, No. 3252-12 and No. 3254-12, with four counts of robbery, conspiracy, and theft, stemming from a weeklong spree of robberies of wine and spirit stores and individuals who were accessing ATM machines.[1]  In several of the robberies, Appellant or his accomplice displayed a knife.

On February 27, 2013, Appellant pled guilty to some of the charges and was sentenced to eight to twenty years imprisonment pursuant to a

_____

[1] Appellant was originally charged at No. 3252 with three counts of robbery, all first-degree felonies.  At the preliminary hearing, two of the robbery counts were reduced to second and third degree felonies.

negotiated plea agreement. At No. 3252, Appellant was sentenced to three to six years incarceration on the first-degree felony robbery count; two to four years incarceration on the second-degree felony robbery count; and one to four years of incarceration on the third-degree felony robbery count. The conspiracy charge was *nolle prossed*; the theft charge merged with the robbery. All sentences ran concurrently to each other and to the sentences imposed at No. 3254.

At No. 3254, Appellant pled to the first-degree felony robbery and was sentenced to five to ten years incarceration. On the conspiracy to commit robbery charge, he was sentenced to a consecutive three to ten year imprisonment. Again, the theft charge merged with the robbery. All sentences imposed at No. 3254 were to run concurrently with the sentences imposed at No. 3252, resulting in an aggregate sentence of eight to twenty years imprisonment.

Appellant did not pursue a direct appeal. On March 27, 2014, he filed a counseled PCRA petition in which he alleged that plea counsel's deficient representation culminated in a plea that was not knowing and voluntary, but was instead induced by counsel's ineffectiveness in failing to explain the difference between concurrent and consecutive sentences. He asked that he be permitted to withdraw his guilty plea and stand trial on the charges.

The trial court held an evidentiary hearing on the petition on June 24, 2014, and the parties filed briefs. On October 7, 2014, the court denied

relief. Appellant timely appealed and complied with the trial court's order to filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises one question for our review:

I.    Did the trial judge err in not finding trial counsel ineffective for failing to properly communicate with Appellant and aid his preparation of a defense and further for his failure to explain the difference between concurrent and consecutive as a sentencing option?

Appellant's brief at 4.

In reviewing the PCRA court's denial of post-conviction relief, we must determine whether the court's findings are supported by the record and free of legal error. **Commonwealth v. Treiber**, 2015 Pa. LEXIS 1775, *9-10 (Pa. Aug. 17, 2015). In doing so, we accord great deference to the PCRA court's credibility determinations, and where supported by the record, they are binding on this Court. **Id**.

Appellant's claim is one of counsel ineffectiveness. To be entitled to relief on such a claim, a PCRA petitioner must establish all three prongs of the ineffective assistance of counsel test enunciated in **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987). He must demonstrate: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different." **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011). We start from

the presumption that counsel rendered effective assistance. **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010).

Where, as here, the underlying ineffectiveness implicates a guilty plea, such a claim will provide relief only "if the ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Diaz**, 913 A.2d 871, 872 (Pa.Super. 2006). This Court held in **Diaz** that this test is analogous to "the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea." **Id**.

Appellant first contends that appointed counsel "rarely came to see him" while he was incarcerated, that he did not discuss his case or supply him with discovery documents, or assist him in formulating his defense. He maintains that he wanted to go to trial but that counsel refused. Furthermore, he contends that he would not have pled guilty if counsel had explained to him the difference between concurrent and consecutive sentencing. Appellant now seeks to withdraw his guilty pleas.

At the evidentiary hearing, trial counsel testified as follows. He exclusively practices criminal law, and was appointed to represent Appellant prior to the preliminary hearing. He met with Appellant regularly for purposes of discussing his defense and he conferred with Appellant's parents. Prison sign-in sheets confirmed that counsel saw Appellant at least once per month, and more often in the month prior to the guilty plea. Counsel and Appellant discussed the details of the case, all plea offers,

reviewed the discovery, and counsel shared an email from the prosecutor explaining Appellant's options: to take the plea offer, take an open plea, or go to trial. That email also stated that the offer extended to Appellant's co-defendant was four and one-half to ten years, based on a prior record score of zero. Counsel testified that he explained to Appellant why the co-defendant's offer was more favorable, but Appellant was not happy with the reasons.

Counsel reported that he discussed the difference between concurrent and consecutive sentences in explaining the plea offer. Additionally, he reviewed the applicable sentencing guidelines, explained the deadly weapons enhancement, and apprised Appellant of the sentencing implications should he be convicted. After Appellant decided to accept the plea offer, counsel explained each question on the written guilty plea colloquy form.

Appellant presented a different picture. He professed to be unsure of the charges against him because he had not seen the "affidavit" and he and counsel "never sat down and talked about what was going on." N.T. PCRA Hearing, 6/24/14, at 33. He complained that counsel never gave him a chance to explain what happened. Appellant maintained that counsel only came to meet with him once a month and spent five minutes or less with him, maybe ten minutes on a couple of occasions. *Id*. at 33-34. Appellant testified that counsel only gave him ten minutes to review discovery; trial strategy was never discussed. He allegedly fired counsel on one occasion

because he was not helping him: the plea offer remained the same for the year he was awaiting trial. *Id*. at 37. According to Appellant, he wanted to ask counsel why his co-defendant was receiving an offer of a four to eight year sentence while his offer was eight to twenty years. Appellant insisted that he only took the plea because counsel represented that, otherwise, he would get fifteen to thirty years imprisonment, and his parents were pressuring him. He stated he would never have agreed to plead guilty if counsel had explained the difference between a concurrent and consecutive sentence. He acknowledged that he did not expect to be acquitted, but that he "didn't expect an eight to 20." *Id*. at 40. His "intent was just to get something . . . a little more fair, . . . . like what my co-defendant received." *Id*.

On cross-examination, Appellant agreed with the prosecutor who suggested that, "[t]he bottom line is that you are not satisfied with your sentence." *Id*. at 41. He denied any recollection of the prosecutor outlining the basis for the charges against him at the hearing on the guilty plea or of counsel reviewing the written guilty plea colloquy with him. Although Appellant insisted that he was not informed by counsel of the difference between concurrent and consecutive sentences, he acknowledged that the court advised him that his sentence would be eight to twenty years imprisonment.

The court credited counsel's testimony concerning his representation rather than Appellant's perception of the attorney-client relationship. It found, based on counsel's testimony and the prison records, that counsel met regularly with Appellant to discuss his case. In addition, the court believed counsel's statement that he explained the difference between concurrent and consecutive sentences to Appellant, and found no merit in Appellant's claim that counsel was ineffective in his representation. In concluding that Appellant knowingly and voluntarily chose to accept the plea offer, the court relied upon Appellant's written colloquy, as well as his affirmative representation in open court that he reviewed and understood the charges, the sentencing guidelines, and his affirmative answers to all of the inquiries mandated by Pa.R.Crim.P. 590. The court concluded that Appellant voluntarily and knowingly agreed to plead guilty in exchange for a sentence of eight to twenty years imprisonment.

We find the trial court's credibility determinations to be amply supported by the record, and hence, we have no grounds to disturb them. Largely as a result of those credibility determinations, Appellant's claims of counsel ineffectiveness lack a factual basis. Furthermore, we fail to comprehend, and Appellant does not enlighten us, how knowledge of the distinction between a consecutive or concurrent sentence would have had any impact on Appellant's decision whether to plead guilty. Appellant conceded that he was informed, and he understood, that by accepting the

negotiated plea, he was agreeing to an aggregate sentence of eight to twenty years incarceration.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015