J-S18012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA ALLEN KREISER, | |
| Appellant | No. 1220 MDA 2015 |

Appeal from the PCRA Order June 29, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):
CP-38-CR-0000983-2013

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 04, 2016**

Joshua Allen Kreiser appeals from the June 29, 2015 order denying PCRA relief.  We affirm.

On August 6, 2013, Appellant pled guilty to one count each of aggravated assault, terroristic threats, simple assault, and false imprisonment, and two counts of recklessly endangering another person. Appellant stabbed twenty-five year old Eric Saxbie in the lower back near the kidney.  Eleni Solesky, the mother of Appellant's child, witnessed the stabbing and then locked herself in the bathroom.  Appellant told her he would put down the knife if she would talk to him.  Ms. Solesky began talking to Appellant, but when she began crying, Appellant picked up the knife and repeated his demand.  Ms. Solesky told police she was in the

---

* Retired Senior Judge assigned to the Superior Court.

bathroom for two hours. Both Mr. Saxbie and Ms. Solesky identified Appellant as the perpetrator.

Appellant entered a negotiated guilty plea to all charges on December 19, 2013, following completion of a written guilty plea colloquy and an on-the-record oral colloquy. He was sentenced to five and one-half years to fifteen years imprisonment on January 22, 2014, and he did not appeal.

On January 23, 2015, Appellant filed a timely *pro se* PCRA petition and Attorney Nicholas Sidelnick was appointed to represent him. Counsel subsequently filed an amended petition on Appellant's behalf. Following an evidentiary hearing on May 26, 2015, and the filing of briefs, the PCRA court denied relief on June 29, 2015, finding no merit in Appellant's claim that his guilty plea was unknowing and involuntary due to ineffective assistance of counsel.

Appellant timely appealed and he presents one issue for our consideration:

1. Whether Plea Counsel was ineffective for unlawfully inducing Appellant into pleading guilty to Aggravated Assault, where such plea was involuntarily, unknowingly, and unintelligently made, as neither Plea Counsel nor the Commonwealth advised Appellant of the elements that needed to be proven in order to convict Appellant of Aggravated Assault, since such elements ceased to exist and, therefore, Appellant would not have reasonably been found guilty had he taken his case to trial?

Appellant's brief at 4.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Medina***, 92 A.3d 1210, 1214-15 (Pa.Super. 2014) (citations and quotation marks omitted). When the PCRA court's credibility determinations are supported by the record, they are binding on this Court. The PCRA court's legal conclusions, however, are reviewed *de novo*. ***Id***.

Appellant's claim is based on the alleged ineffectiveness of plea counsel. Counsel is presumed to have rendered effective representation. ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013). The test for establishing that trial counsel was ineffective in Pennsylvania is based upon ***Strickland v. Washington***, 466 U.S. 668 (1984) and ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987). ***Commonwealth v. Spotz***, 84 A.3d 294, 303 n.3 (Pa. 2014). "To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner." ***Id***.; ***Commonwealth v. Johnson***, 966 A.2d 523, 536 (Pa.

2009). If the petitioner fails to meet any one of the three prongs, he is not entitled to relief. ***Commonwealth v. Natividad***, 938 A.2d 310 (Pa. 2007).

Appellant pled guilty to several charges including aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), which provides:

> A person is guilty of aggravated assault, graded as a felony of the first degree, if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S. § 2702(a)(1).

The crux of Appellant's complaint is that plea counsel's failure to inform him of the elements of aggravated assault constituted ineffective assistance of counsel and caused him to enter an involuntary, unknowing and unintelligent plea to that charge.[1] It is well-settled that ineffective assistance of counsel claims that are founded on the plea-bargaining process are eligible for review under the PCRA. ***Commonwealth ex rel. Dadario v. Goldberg***, 773 A.2d 126 (Pa. 2001). However, where the underlying ineffectiveness implicates a guilty plea, such a claim will provide relief only "if the ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Diaz***, 913 A.2d 871, 872 (Pa.Super. 2006). In determining whether a plea was knowing, intelligent, and voluntary, we

---

[1] Appellant does not challenge or seek to withdraw his guilty plea to the remaining five charges.

consider the totality of the circumstances, including any written and oral plea colloquies. *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999); *Commonwealth v. Bedell*, 954 A.2d 1209 (Pa.Super. 2008). Where a petitioner alleges that guilty plea counsel was ineffective, he must demonstrate that, absent counsel's incorrect advice or failure to advise, there is a reasonable probability he would have not have pled guilty and would have proceeded to trial. *Commonwealth v. Barndt*, 74 A.3d 185 (Pa.Super. 2013).

Appellant charges counsel with failing to explain the elements of aggravated assault and, consequently, complains he did not understand the elements of the offense when he pled guilty. Had he been apprised of the elements, he maintains he would have opted to proceed to trial rather than accept a plea because he could not have reasonably been found guilty of the offense.

At the evidentiary hearing, Appellant offered the following testimony. He met with counsel three or four times. N.T., 5/26/15, at 4. Counsel provided him with discovery, which included the criminal information that outlined each of the charges against him. *Id*. at 6. However, Appellant stated that he did not understand the elements of the offenses with which he was charged. In his next breath, Appellant conceded that he knew that he was charged with inflicting serious bodily injury, but he believed the charge was unjustified and conveyed that belief to counsel. *Id*. at 4-5. According

to Appellant, counsel agreed and stated he would try to get the aggravated assault charge dropped or reduced. *Id*. at 9. Counsel subsequently advised Appellant that the Commonwealth refused to reduce or drop the aggravated assault charge. *Id*. As a result of that conversation, Appellant pled guilty. *Id*.

At the evidentiary hearing, Appellant told the PCRA court that he did not believe he could have been convicted of aggravated assault based on the infliction of serious bodily injury because the victim only received three stitches. Appellant also maintained that he was high on an illicit drug when he stabbed the victim with a knife and did not have the requisite intent to harm him for an attempt to cause serious bodily injury. The court countered that voluntary intoxication was not a defense to the charge. *Id*. at 18.

Appellant admitted that counsel was present when he completed the written guilty plea colloquy; counsel answered his questions; he understood the answers; and he was being truthful when he answered the questions. *Id*. at 10. He answered in the affirmative Question No. 9, "Do you understand the nature of the charge or charges to which you are pleading guilty?" and Question No. 10 "Has your lawyer explained to you the elements of the criminal offense or offenses to which you are pleading guilty?" *Id*. at 11. Appellant admitted committing the crimes to which he was pleading guilty and agreed that his criminal conduct fit the legal elements of the crimes charged. *See* Colloquy, Exhibit 1, Question No. 11.

When questioned by the court orally at the time he entered his plea, Appellant did not apprise the court that he did not understand the charges or believe that the elements were not met. N.T., 5/26/15, at 13-14.

Attorney Sidelnick testified that he was appointed by the court to represent Appellant. He confirmed that he met with his client four or five times. During their first meeting prior to the preliminary hearing, he reviewed the charges with Appellant, including the elements of aggravated assault. *Id*. at 21. Counsel explained that the Commonwealth would either have to prove that Appellant caused serious bodily injury or attempted to cause serious bodily injury to sustain a conviction for aggravated assault. *Id*. He defined serious bodily injury for Appellant and discussed an attempt to cause serious bodily injury. *Id*. Later, Counsel provided his client with discovery and reviewed it with him, specifically discussing the Commonwealth's differing proof requirements when proceeding under a theory of attempted serious bodily injury rather than serious bodily injury. He answered Appellant's questions and Appellant appeared to understand the responses provided. *Id*. at 22. Although they discussed proceeding to trial, many of Appellant's questions related to the plea offer. *Id*. at 22-3. According to plea counsel, Appellant told him that he wanted a plea offer of three to ten years imprisonment. When counsel tried to obtain such a plea offer, the Commonwealth refused due to Appellant's juvenile record. Counsel testified that he and Appellant had multiple discussions focused on

amending the plea to attempted serious bodily injury as the offense gravity score would then be a second-degree felony, but the Commonwealth was not amenable. At that point, Appellant desired to take the negotiated plea. *Id*. at 25.

Counsel acknowledged that Appellant told him he had smoked K-2, which is marijuana, prior to the stabbing. Although counsel did not have a specific recollection of discussing the effect of Appellant's voluntary intoxication on the aggravated assault charge, he was certain that he would have indicated that it was not a defense. *Id*. at 28.

The transcript of the plea hearing confirms that the nature of the aggravated assault charge was stated on the record in Appellant's presence. N.T., 12/19/13, at 3 (Appellant was charged with aggravated assault, an "attempt to cause of intentionally, knowingly, or recklessly did cause bodily injury to another under circumstances manifesting extreme indifference to the value of human life. He stabbed a person with a knife."). Appellant responded in the affirmative to the court's inquiry whether he understood the charges, and confirmed that he was pleading guilty because he committed those offenses. Appellant also advised the court that he had discussed his case fully with counsel, that he was satisfied with his representation, and that he understood all of the questions on the written guilty plea form. *Id*. at 5-6.

The PCRA court found that Appellant and counsel discussed the elements of aggravated assault, the factual basis for the charge, possible defenses, what constituted serious bodily injury and the difference between causing serious bodily injury and attempting to cause serious bodily injury. Trial Court Opinion, 6/29/15, at 8. Appellant admittedly told his attorney that he was under the influence of an illicit substance when he stabbed the victim. The court credited counsel's testimony that he would have advised Appellant that voluntary intoxication was not a defense. *Id*. Both the oral and written colloquies provided that Appellant understood the nature of the offenses and that counsel tendered effective representation. *Id*. The PCRA court concluded that Appellant's underlying claim that his guilty plea was involuntarily and unknowingly entered had no merit.

We have no basis to disturb the PCRA court's findings as they are amply supported by the record. Based on those findings and the written and oral colloquies, it is apparent that Appellant understood the elements of the aggravated assault charge to which he was pleading guilty, appreciated that he had a right to a jury trial, and agreed to the terms of the negotiated plea. His plea was knowingly and voluntarily entered.

Appellant also argues that plea counsel was ineffective for failing to obtain the victim's medical records, which would have confirmed that serious bodily injury could not be proven. Since Appellant did not advance this argument in his amended PCRA petition or explore it at the evidentiary

hearing, this argument is waived.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

For all of the foregoing reasons, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2016