J-S31043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAKIM JORDAN | : | |
| | : | |
| Appellant | : | No. 2158 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 19, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005580-2019

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 10, 2022**

Rakim Jordan appeals from the July 19, 2021 aggregate judgment of sentence of 93 to 186 months' imprisonment imposed after he pled guilty to robbery, criminal conspiracy, possessing instruments of crime ("PIC"), firearms not to be carried without a license, and persons not to possess, use, manufacture, control, sell or transfer firearms.[1]  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On April 14, 2019, Appellant and his co-conspirator, Dennis Pressley, entered a Boost Mobile store in Delaware

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a), 907(b), 6106(a)(1), and 6105(a)(1), respectively.

County, Pennsylvania, pointed a firearm at the store's employee, and stole $995.00 from the register and $384.00 dollars' worth of merchandise. *See* Criminal Complaint – Affidavit of Probable Cause, 5/6/19 at 1-2.

On July 19, 2021, Appellant entered an open guilty plea to robbery, criminal conspiracy, PIC, and multiple firearms offenses in connection with this incident. As noted, the trial court sentenced Appellant to an aggregate term of 93 to 186 months' imprisonment that same day. On July 28, 2021, Appellant filed a timely post-sentence motion seeking to withdraw his guilty plea on the grounds that he was coerced into pleading guilty because Pressley had threatened him if Appellant insisted on calling him to testify at trial. *See* Post-Sentence Motion to Withdraw Guilty Plea, 7/28/21 at ¶ 5; Notes of testimony, 9/3/21 at 13-14.

On September 3, 2021, the trial court held a hearing on Appellant's post-sentence motion. Following the hearing, the trial court denied Appellant's motion on September 22, 2021, concluding that Appellant had failed to demonstrate "manifest injustice." This timely appeal followed.

On October 20, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on October 25, 2021. Thereafter, on April 11, 2022, the trial court filed its Rule 1925(a) opinion concluding that Appellant's guilty plea was knowing, voluntary, and

intelligent and that his post-sentence motion to withdraw his guilty plea was properly denied. *See* trial court opinion, 4/11/22 at 2-5.

Appellant raises the following issue for our review:

1. [Whether] Appellant filed a timely post sentence motion to withdraw his guilty plea and averred in his motion that his plea was not willing and voluntary because he was threatened to do so[?]

Appellant's brief at 3.

The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. *See Commonwealth v. Muhammad*, 794 A.2d 378, 382-383 (Pa.Super. 2002).

It is well settled in this Commonwealth that the entry of a guilty plea constitutes a waiver of "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). When a defendant seeks to withdraw a plea after sentencing, as is the case here, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa.Super. 2006) (citation and internal quotation marks omitted), *appeal denied*, 931 A.2d 656 (Pa. 2007). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required make the following inquires in the guilty plea colloquy:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016) (citation omitted); *see also* Pa.R.Crim.P. 590.

"Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Kpou*, 153 A.3d at 1024 (citation omitted).

Here, a review of the certified record supports the trial court's conclusion that Appellant was not entitled to withdraw his plea. On the contrary, Appellant's contention that his open guilty plea was involuntary and the result of coercion is belied by the record. On July 19, 2021, Appellant executed a written guilty plea colloquy wherein he acknowledged, *inter alia*, that no

- 4 -

promises or threats were made to him with regard to his guilty plea and that he was pleading guilty of his own free will. *See* "Guilty Plea Statement," 7/19/21 at 3, ¶ 28. That same day, the trial court conducted an on the record colloquy, as mandated by Rule 590. The transcript of the guilty plea colloquy demonstrates that the trial court inquired at great length with regard to Appellant's decision to plead guilty.

Specifically, Appellant indicated during this hearing that he understood his right to a jury trial and that he was considered innocent until proven guilty. Appellant further acknowledged that he was not under the influence of alcohol or drugs; that he understood the elements of the charges he was pleading guilty to; and was informed of the permissible ranges of sentences for each count. The record indicates that Appellant was given a factual basis for the plea. The trial court also provided Appellant with an explanation of his appellate rights, and Appellant indicated that he understood them. Notes of testimony, 7/19/21 at 10-23.

Moreover, Appellant was directly asked during the oral colloquy, "Are you being pressured, coerced or threatened into take [sic] a plea here today?" and Appellant responded, "No." *Id.* at 20.

This court has long recognized that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*,

925 A.2d 876, 881 (Pa.Super. 2007) (citation omitted), *appeal denied*, 940 A.2d 365 (Pa. 2007).  Based on the foregoing, we find that Appellant is bound by the statements he made during his plea colloquy, and his claim that the guilty plea was a product of coercion is meritless.

Accordingly, we discern no abuse of discretion on the part of the trial court in denying Appellant's post-sentence motion to withdraw his guilty plea and affirm the July 19, 2021 judgment of sentence.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/10/2022*