J-S15042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CEDRIC M. GALETTE | : | |
| | : | |
| Appellant | : | No. 2988 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 29, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006170-2024

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 23, 2026**

Cedric M. Galette appeals[1] from the September 29, 2025 aggregate judgment of sentence of 6 to 15 years' imprisonment imposed after he entered a negotiated guilty plea to driving under the influence of alcohol or a controlled substance ("DUI") and homicide by vehicle while DUI.[2] After careful review, we affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although Appellant purports to appeal from the order denying his post-sentence motion, we note that "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (**en banc**), **appeal denied**, 800 A.2d 932 (Pa. 2002).

[2] 75 Pa.C.S.A. §§ 3802(d)(2) and 3735(a)(1)(ii), respectively.

The relevant facts of this case, as gleaned from the certified record, are as follows: On September 18, 2024, Appellant was driving his vehicle while under the influence of PCP in Cheltenham Township, Pennsylvania and crashed into a car driven by Troy Rivera. Notes of testimony, 9/29/2025 at 6. Rivera ultimately died a few days later as a result of the injuries he sustained in the accident. *Id.*

The trial court summarized the procedural history of this case as follows:

> On September 29, 2025, Appellant entered a negotiated guilty plea, pleading guilty to homicide by vehicle while DUI and DUI, controlled substance, which merged. After an oral colloquy, supplemented by a written guilty plea colloquy, th[e trial c]ourt accepted Appellant's guilty plea and sentenced Appellant to the agreed upon aggregate term of six (6) to fifteen (15) years' imprisonment. On October 8, 2025, Appellant's guilty plea counsel filed a timely post-sentence motion seeking, among other things, to challenge the validity of Appellant's guilty plea. On October 10, 2025, the post-sentence motion was denied. A timely notice of appeal was filed on November 6, 2025.

Trial court opinion, 12/5/25 at 1-2 (citations, parentheticals, and footnote omitted).

On November 7, 2025, the trial court ordered Appellant to file a concise statement of matters complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant timely complied and the trial court filed its Rule 1925(a) opinion on December 5, 2025.

Appellant raises the following issue for our review:

I.  Did the [trial] court err in accepting [Appellant's] guilty plea and denying [Appellant's] motion to withdraw his guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral guilty plea colloquy failed to explain [Appellant's] right to a jury trial, including: (1) the fact that the jury would be composed of a jury of his peers, (2) that [Appellant] would have the right to participate in jury selection, (3) that a jury's verdict would need to be unanimous, and (4) that [Appellant] would be presumed innocent unless the Commonwealth established the elements of each crime beyond a reasonable doubt; and the colloquy, likewise, failed to explain the right to confront and cross-examine witnesses?

Appellant's brief at 3.

The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. **See Commonwealth v. Muhammad**, 794 A.2d 378, 382-383 (Pa.Super. 2002).

It is well settled in this Commonwealth that the entry of a guilty plea constitutes a waiver of "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa.Super. 2013), **appeal denied**, 87 A.3d 319 (Pa. 2014). When a defendant seeks to withdraw a plea after sentencing, as is the case here, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). "A plea rises to the level of manifest

injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa.Super. 1999), ***appeal denied***, 764 A.2d 1068 (Pa. 2000).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth v. Diaz***, 913 A.2d 871, 873 (Pa.Super. 2006) (citation and internal quotation marks omitted), ***appeal denied***, 931 A.2d 656 (Pa. 2007). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required make the following inquires in the guilty plea colloquy:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa.Super. 2016) (citation omitted); ***see also*** Pa.R.Crim.P. 590.

"Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Kpou***, 153 A.3d at 1024 (citation omitted).

Here, a review of the certified record supports the trial court's conclusion that Appellant was not entitled to withdraw his plea. On the contrary,

Appellant's contention that his negotiated guilty plea was not knowingly and voluntarily made is belied by the record. On September 29, 2025, Appellant executed a written guilty plea colloquy wherein he acknowledged, *inter alia*, that he understood his right to a jury trial and that he was considered innocent until proven guilty. *See* "Guilty Plea Questionnaire," 9/29/25 at 3, ¶¶ 16, 18. Specifically, Appellant indicated that he understood that he could take part in the selection of the jury, that the jury is selected from registered voters and licensed drivers of Montgomery County, that all 12 jury members must agree on his guilt beyond a reasonable doubt, and that the Commonwealth must prove his guilt beyond a reasonable doubt. *Id.* at 3, ¶¶ 17, 19-20. Appellant also acknowledged that he had sufficient time to speak with his counsel before electing to plead guilty, that counsel had explained everything to him, and that he was satisfied with counsel's assistance. *Id.* at 6, ¶¶ 32-24.

That same day, the Honorable William R. Carpenter conducted an on-the-record colloquy during which Appellant's counsel submitted the written guilty plea colloquy into evidence. *See* notes of testimony, 9/29/25 at 5. During the guilty plea hearing, the nature of the charges, the factual basis of the plea, and both the potential maximum and negotiated sentences were placed on the record by the Commonwealth. *Id.* at 3, 5-7. Appellant acknowledged during the guilty plea hearing that he was not under the influence of alcohol or drugs. *Id.* at 4. Additionally, Appellant confirmed that he had reviewed the written colloquy line-by-line with his counsel, initialed

each page, and signed the final page. *Id.* at 4-5. The record reflects that when Appellant was asked by Judge Carpenter whether his answers to the questions in the written colloquy would be the same if asked again in open court, he answered affirmatively. *Id.* at 5.

This court has long recognized that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007) (citation omitted), *appeal denied*, 940 A.2d 365 (Pa. 2007). Based on the foregoing, we find that Appellant is bound by the statements he made during his plea colloquy, and his claim that his guilty plea was not knowing, voluntary, and intelligent is meritless.

Accordingly, we discern no abuse of discretion on the part of the trial court in denying Appellant's post-sentence motion to withdraw his guilty plea and affirm the September 29, 2025 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026

- 6 -