J. S70013/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
v. :
 :
WILLIAM WHARTON, : No. 3887 EDA 2017
 :
 Appellant :

Appeal from the PCRA Order, October 31, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006122-2013

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED JANUARY 04, 2019**

William Wharton appeals from the October 31, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  On June 11, 2010, appellant shot and killed the victim, William Mack, in Philadelphia following a dispute over an iPod.  (Notes of testimony, 6/5/14 at 21-25.)  Appellant was subsequently arrested and charged with third-degree murder and related offenses in connection with this incident.  On June 5, 2014, appellant entered into a negotiated guilty plea to third-degree murder, criminal conspiracy, and

robbery.[1] That same day, the trial court sentenced appellant to an aggregate term of 30 to 60 years' imprisonment. At all relevant times during his guilty plea and sentencing, appellant was represented by Todd Henry, Esq. ("plea counsel"). Appellant did not file any post-sentence motions or a direct appeal.

On June 22, 2015, appellant filed the instant **pro se** PCRA petition, and David Rudenstein, Esq. ("PCRA counsel"), was appointed to represent him. On April 7, 2017, PCRA counsel filed an amended PCRA petition on appellant's behalf, arguing that plea counsel was ineffective by inducing appellant to enter an unknowing and involuntary guilty plea. (**See** amended PCRA petition, 4/7/17 at ¶¶ 10-11.) On May 24, 2017, the Commonwealth filed a motion to dismiss appellant's PCRA petition. Thereafter, on August 1, 2017, PCRA counsel filed a supplemental, amended PCRA petition, arguing that plea counsel was ineffective in failing to file a direct appeal. (**See** supplemental amended PCRA petition, 8/1/17 at ¶ 3.) Following several continuances, the PCRA court conducted an evidentiary hearing on appellant's petition on October 31, 2017. That same day, the PCRA court entered an order denying appellant's petition. This timely appeal followed on November 29, 2017. On December 13, 2017, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 30 days. Appellant filed his Rule 1925(b) statement

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 3701(a)(1), respectively.

on March 1, 2018, and the trial court filed its Rule 1925(a) opinion on March 26, 2018.[2]

Appellant raises the following issue for our review:

> Did the PCRA [c]ourt err when it failed to grant PCRA relief after conducting a [guilty pleas h]earing and learning that [appellant] was mentally challenged and most clearly did not understand most of everything that had occurred to him [at said hearing]?

---

[2] Appellant's Rule 1925(b) statement, which was filed well past the 30-day deadline imposed by the trial court, is untimely on its face. The trial court's Rule 1925 order reads as follows:

> **AND NOW**, this 13th day of December, 2017, it is hereby **ORDERED** and **DECREED** that [appellant] shall file with the Clerk of Court, Court of Common Pleas, Criminal Trial Division and concurrently serve the Honorable Rose Marie DeFino-Nastasi with a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) by January 13, 2017.

Pa.R.A.P. 1925(b) order, 12/13/17.

Clearly, the order is not in compliance with Rule 1925(b)(3)(iv) in that it does not "specify . . . that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). Recent opinions from this court have declined to find waiver if the trial court does not expressly comply with subsection 1925(b)(3)(iv). **See Commonwealth v. Jones**, 193 A.3d 957, 961-962 (Pa.Super. 2018); **Commonwealth v. Bush**, ___ A.3d ___, 2018 WL 4782153 (Pa.Super. 2018). Although this writer has some concerns with applying the Subsection 1925(b)(3)(iv) analysis to an untimely filed Rule 1925(b) statement when the trial court specified the time for filing, clearly pursuant to Subsection 1925(c)(3), this court may determine that counsel was ineffective for the late filing and either decide the case on the merits or remand for the filing of a new statement and/or trial court opinion. Here, we find it unnecessary to remand and will address appellant's issues on the merits.

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Here, the crux of appellant's claim is that plea counsel's ineffectiveness induced him to enter an unknowing and involuntary guilty plea. (Appellant's brief at 5.) Appellant avers that plea counsel "failed to realize, or overlooked" the fact that appellant was a "troubled" and "uneducated" man and "did not fully comprehend the meaning and scope of his [g]uilty [p]lea" that would subject him to a 30 to 60-year term of imprisonment. (*Id.* at 6.) The record belies this claim.

In *Commonwealth v. Lynch*, 820 A.2d 728 (Pa.Super. 2003), *appeal denied*, 835 A.2d 709 (Pa. 2003), we explained that the PCRA will provide

relief to an appellant if ineffective assistance of counsel caused him to enter an unknowing and involuntary guilty plea. We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA. **See Lynch**, 820 A.2d at 732. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011). Additionally, we note that counsel cannot be found ineffective for

failing to raise a claim that is devoid of merit.  ***See***, ***e.g.***, ***Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

This court has long recognized that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Patterson***, 143 A.3d at 397 (citation omitted).  "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth v. Diaz***, 913 A.2d 871, 873 (Pa.Super. 2006) (citation and internal quotation marks omitted), ***appeal denied***, 931 A.2d 656 (Pa. 2007).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013) (citation omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required make the following inquires in the guilty plea colloquy:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016) (citation omitted); *see also* Pa.R.Crim.P. 590. "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Kpou*, 153 A.3d at 1024 (citation omitted).

Lastly, we note that, when a defendant seeks to withdraw a plea after sentencing, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000).

Here, appellant's contention that plea counsel induced him to enter an unknowing and involuntary guilty plea lacks arguable merit. The record reflects that on June 5, 2014, appellant executed a written guilty plea colloquy wherein he acknowledged that he understood he was pleading guilty to third-degree murder, criminal conspiracy, and robbery, and that no other promises or threats were made to him with regard to his guilty plea or sentence. (Written guilty plea colloquy, 6/5/14 at 1.) Appellant further acknowledged in the written guilty plea colloquy that, "[t]here is no plea bargain or agreement of any kind, except that the District Attorney promised to: [r]ecommend a sentence of not more than 30 to 60 [years] [~~months~~]."

(*Id.*) Appellant also acknowledged, *inter alia*, that he had finished high school, could read and write English, and that he did not have any mental health problems. (*Id.*) Additionally, appellant indicated that he had enough time to speak with plea counsel about his case and was satisfied with plea counsel's representation. (*Id.* at 3.)

Thereafter, on June 5, 2014, the trial court conducted an on-the-record colloquy, as mandated by Rule 590. The transcript of the guilty plea colloquy demonstrates that the trial court inquired at great length with regard to appellant's decision to plead guilty. Appellant indicated during this hearing that he had graduated from high school, could read and write English, and was not under the influence of drugs and alcohol. (Notes of testimony, 6/5/14 at 4.) Appellant also acknowledged that he has never been treated for mental illness, understood all the questions in the written plea colloquy, and had signed it voluntarily. (*Id.* at 4, 14-15.) Appellant reiterated that he reviewed the written plea colloquy with plea counsel prior to signing it, did not have any questions for counsel or the trial judge, and was satisfied with plea counsel's representation. (*Id.* at 14-16.) The record further reflects that the trial court provided appellant with a lengthy explanation of his trial and appellate rights, and appellant repeatedly indicated that he understood them. (*See id.* at 5-13.)

Our review of the guilty plea transcript further reveals that appellant was given a factual basis for the plea and acknowledged that he understood

the nature of the charges to which he is pleading guilty and the permissible ranges of sentences and fines possible for each count. (*See id.* at 16-19, 21-25.) With respect to the imposition of sentence, appellant indicated that he understood that the trial court could impose an aggregate sentence of 30 to 60 years' imprisonment, pursuant to the terms of his negotiated plea agreement, but that the court was not bound by the agreement unless it accepted the plea. (*Id.* at 18-19.)

Specifically, the following exchange took place during the plea hearing:

> THE COURT: The Commonwealth has agreed that in exchange for your plea to third degree murder, they will not proceed on first degree murder and you will receive a sentence of 20 to 40 years on the third degree murder charge, with a sentence of 10 to 20 years to run consecutively on the conspiracy charge and no further penalty on the robbery charge, making your total sentence 30 to 60 years.
>
> Do you understand that?
>
> [APPELLANT]: Yes.

*Id.* at 20. Thereafter, appellant informed the trial court that he was pleading guilty of his own free will and that no one had promised him anything in exchange for entering this plea. (*Id.*)

Upon review, we cannot conclude that appellant was induced by plea counsel to enter an unknowing and unintelligent guilty plea. Rather, we find the trial court made the requisite inquiries that satisfied that appellant's plea was entered into knowingly, intelligently, and voluntarily. Appellant willingly availed himself of the benefits of the plea agreement and is bound by the

statements he made during his written and oral guilty plea colloquies. **See Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa.Super. 2007) (stating, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." (citation omitted)), **appeal denied**, 940 A.2d 365 (Pa. 2007). Accordingly, for all the foregoing reasons, appellant's ineffectiveness claim must fail.

Based on the foregoing, we affirm the October 31, 2017 order of the PCRA court denying appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/19