J-S44017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD THOMAS TRUETT JR. | : | |
| | : | |
| Appellant | : | No. 793 MDA 2022 |

Appeal from the PCRA Order Entered April 28, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000435-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: APRIL 17, 2023**

Richard Thomas Truett, Jr. appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Truett maintains that he is entitled to relief due to ineffectiveness of counsel. We affirm.

The PCRA court summarized the facts as follows:

On September 28, 2020, [Truett] was operating a motor vehicle on South Washington Street in Gettysburg Borough in Adams County, Pennsylvania. Gettysburg Police Officer Shannon Hilliard conducted a traffic stop of [Truett's] vehicle based upon a suspected Motor Vehicle Code Violation. According to Officer Hilliard, [Truett] appeared to be under the influence of a controlled substance. [Truett] was transported to Gettysburg Hospital where a subsequent blood test showed that he had methamphetamine in his blood - a Schedule II controlled substance for which he did not have a prescription. Officer Hilliard's affidavit of probable

---

[*] Retired Senior Judge assigned to the Superior Court.

cause and the DL-26 form, [Truett's] Exhibit 2 [(hereafter, "consent form")], note that [Truett] consented to the blood draw.

PCRA Court Opinion, filed April 27, 2022, at 1.

Truett entered a negotiated guilty plea, on July 23, 2021, to driving under the influence of a controlled substance, second offense. He was sentenced to a term of incarceration of no less than one year to no more than five years.

On November 9, 2021, Truett filed a *pro se* motion to withdraw guilty plea, which was denied. Approximately one month later, Truett filed the instant PCRA petition. The court appointed counsel and held an evidentiary hearing on April 19, 2022, after which it denied the petition. This appeal followed.[1]

Truett raises the following issue:

Whether the Post-Conviction Relief court erred by finding prior counsel acted within the range of competence demanded of attorneys for criminal cases even though Primary Defense Counsel failed to discover, raise, and advise Mr. Truett of any possible legal challenges, and Plea Counsel failed to advise Mr. Truett of the advantages and disadvantages of entering a plea, thus resulting in an unknowing plea[?]

_____

[1] The trial court ordered Truett to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Truett's counsel filed the statement late, but the trial court authored an opinion addressing the substance of Truett's claims and urged this Court to excuse Truett's lateness and consider the merits of Truett's claims. **See** 1925(a) Opinion, filed 6/30/22, at 1. In criminal cases, remand, not waiver, results from the late filing of a statement. **See** Pa.R.A.P. 1925(c)(3). However, where, as here, the trial court addressed the issues raised in a late-filed statement, no remand is necessary, and this Court may address the merits of the issues. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa.Super. 2012).

Truett's Br. at 4.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Truett argues that he entered an unknowing plea on the advice of ineffective counsel. Truett's Br. at 13. He claims that he did not sign the consent form for having his blood drawn, but verbally consented to the blood draw only after Officer Hilliard allegedly threatened him with imprisonment if he did not consent. Truett therefore argues that his plea counsel should have filed a motion to suppress the results of the blood draw and was ineffective for failing to do so. *Id.* at 14. According to Truett, because he relied on counsel's advice when he entered his guilty plea, his plea was unknowing and should be withdrawn. *Id.* at 14-15.

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that, "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Velazquez*,

216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. **Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012).

"[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa.Super. 1996) (*en banc*). The "voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa.Super. 2003) (quoting **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002)). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" **Commonwealth v. Diaz**, 913 A.2d 871, 873 (Pa.Super. 2006) (citation omitted). "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." **Yager**, 685 A.2d at 1004 (citation omitted) (alteration in original).

Before accepting a plea, the trial court must conduct an on-the-record inquiry to determine whether the plea is voluntarily and knowingly tendered. **Commonwealth v. Hodges**, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590(a)). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible

- 4 -

ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa.Super. 2016).

In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court should consider the totality of the circumstances surrounding the entry of the plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). Further, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

At the PCRA hearing, Truett admitted that he verbally consented to a blood test. N.T., PCRA Hearing, 4/19/22, at 10. Truett testified that he and counsel discussed the consent form, but he did not inform counsel of Officer Hilliard's alleged threats of imprisonment if he did not consent to the blood draw:

> [Commonwealth:] Okay. Now, did you talk to your attorney about this?
>
> [Truett:] You mean about -- Yeah.
>
> [Commonwealth:] About the blood draw?
>
> [Truett:] Yes.
>
> [Commonwealth:] Did you talk to him about it?
>
> [Truett:] Yes.
>
> [Commonwealth:] And did you talk to him about -- did you talk to him about what Officer Hilliard had said to you?

[Truett:]    No, we didn't have a discussion about that.

***

[Commonwealth:] So you did talk to him about the [consent] form?

[Truett:]    Yes, briefly.

[Commonwealth:] But you never talked about Officer Hilliard telling you he was gonna [sic] take you to jail?

[Truett:]    No.

*Id.* at 10-11.

Truett's counsel testified at the PCRA hearing that Truett raised three issues with him during their multiple discussions: the possible unlawful search of his vehicle, his belief that Officer Hilliard was targeting him, and the initial reason for the traffic stop. *Id.* at 16. Counsel did not recall Truett ever discussing issues surrounding the blood draw or about any threatened incarceration for refusal to consent. *Id.* at 16-17, 18-19. Counsel stated that he reviewed all discovery in the matter, including the consent form. *Id.* at 19. He was aware that Truett had not signed it and that instead there was a notation made by Officer Hilliard below the signature line that read, "Stated 'I'll just do the test'" regarding Truett's verbal consent. *Id.* Counsel pointed out that Officer Hilliard wrote in the affidavit of probable cause, as well as in a more detailed report, that Truett had consented to a blood draw, and that simply refusing to sign the consent form does not necessarily mean a refusal of a blood draw. *Id.*

Truett's ineffectiveness claim fails. Truett admitted at the PCRA hearing that he never raised the issue to his counsel that he verbally consented to the blood draw after he had been threatened with imprisonment. *See* N.T. at 10-11. Indeed, evidence in the record would lead counsel to conclude that Truett *did* consent, namely Officer Hilliard's notations in the affidavit of probable cause and on the consent form. In addition, the affidavit of probable cause stated, "[T]he Suspect/Defendant was not advised of any potential criminal charges for failure to submit to the drawing of blood in conjunction with this investigation." Affidavit of Probable Cause, filed 1/19/21, at 2.

Counsel cannot be deemed ineffective for failing to file a suppression motion on an issue he was unaware of due to Truett's failure to inform him about it. Truett's further argument on appeal that plea counsel ought to have identified other, unspecified "possible suppression challenges" or "possible defenses" similarly fails. Truett's Br. at 14. Truett did not plead, much less prove, that counsel unreasonably took, or failed to take, a specific action, and as a result Truett sustained prejudice. The PCRA court properly denied the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2023