J-S33041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOGAN BLAIZE MILLER | : | |
| | : | |
| Appellant | : | No. 246 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 10, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001251-2021

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: October 30, 2023**

Appellant, Logan Blaize Miller, appeals from the judgment of sentence entered on October 10, 2022. In this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The facts and procedural history as set forth by the trial court are as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On June 21, 2021, the Commonwealth of Pennsylvania ("Commonwealth"), by way of Information, charged Appellant with Criminal Murder/Homicide - F1, Endangering Welfare of Child - F1, and Aggravated Assault – F1, in the death of his four week old minor child, K.M. K.M. passed away at UPMC Children's Hospital of Pittsburgh on July 28, 2020, as a result of blunt impact injury to the head. Appellant was formally arraigned on the above charges on June 22, 2021. A jury trial was scheduled to commence on October 5, 2021. On September 29, 2021, Appellant, through counsel, filed a Motion to Continue the trial. *See* Motion to Continue, 09/29/2021. The trial was continued twice in order to allow for defense counsel to review the voluminous discovery. Ultimately, the trial was set to commence on August 12, 2022, with jury selection.

On August 11, 2022, Appellant pleaded no contest to Murder of the Third Degree - F1. The Commonwealth *nolle prossed* the remaining charges. On October 10, 2022, this Court sentenced Appellant to a minimum of 96 months and a maximum period of 240 months. On October 14, 2022, Appellant filed a timely post-sentence motion challenging his sentence. On October 17, 2022, [the trial] Court denied Appellant's post-sentence motion. On January 24, 2023, [the trial] Court received correspondence from Appellant requesting this Court appoint new counsel for the purpose of an appeal. *See* Letter filed January 24, 2023. Appellant averred that trial counsel failed to inform him that his post-sentence motion was denied. Id. In the interest of justice, [the trial] Court reinstated Appellant's appellate rights *nunc pro tunc* and appointed new counsel. *See* Order, 02/14/2023. Appellant then timely filed a notice of appeal and subsequently, a concise statement of matters complained of on appeal.

Tr. Ct. Op. at 1-2.

Appellant filed a timely notice of appeal and, on appeal, Appellant's counsel filed a petition for leave to withdraw and an ***Anders*** brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa.Super. 1998).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa.Super. 2018) (en banc) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . . [T]his review does not require this Court to act as counsel or otherwise advocate on

behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the first claim raised in the **Anders** brief: whether Appellant's plea was unknowing and involuntary. Appellant's Br. at 3.

The relevant standard of review is well-settled. "When considering the propriety of a trial court's denial of a motion to withdraw a guilty plea, we are bound by the determination of that court unless we find that it committed an abuse of discretion." **Commonwealth v. Mobley**, 581 A.2d 949, 952 (Pa.Super. 1990) (citation omitted). Further,

> by entering a nolo contendere plea, a defendant does not admit that he is guilty. As the United States Supreme Court has held, a plea of nolo contendere is a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty.

**Commonwealth v. V.G.**, 9 A.3d 222, 226-27 (Pa.Super. 2010) (citations and quotation marks omitted; emphasis omitted).

"[I]n terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa.Super. 2002), appeal denied, 806 A.2d 859 (Pa. 2002) (citations omitted). The decision to allow a defendant to withdraw their guilty plea post-sentence is a matter that rests within the sound discretion of the trial court. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 382-383 (Pa.Super. 2002). It is well settled in this Commonwealth that the entry of a guilty plea constitutes a waiver of "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa.Super. 2013), appeal denied, 87 A.3d 319 (Pa. 2014). When a defendant seeks to withdraw a plea after sentencing, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa.Super. 1999), appeal denied, 764 A.2d 1068 (Pa. 2000).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth v. Diaz***, 913 A.2d 871, 873 (Pa.Super. 2006) (citation and internal quotation marks omitted), appeal denied, 931 A.2d 656 (Pa. 2007). In order to ensure a voluntary, knowing, and intelligent

plea, trial courts are required make the following inquires in the guilty plea colloquy:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016) (citation omitted); *see also* Pa.R.Crim.P. 590.

Appellant's no contest plea was knowing and voluntary, and we find no abuse of discretion by the trial court because it conducted an extensive colloquy. As the trial court points out, Appellant's maximum sentence was explained by the Commonwealth and by the court. N.T., 8/11/22, at 8, 12. Appellant had the opportunity to review the plea form with his attorney. N.T. at 11. He was pointed to the specific paragraph on his plea form and told that his maximum punishment was forty years' incarceration with a maximum $50,000 fine, and Appellant said he understood. N.T. at 12. Appellant was made aware by the court that it was mandated to consider a sentence enhancement of up to twenty-four months since the victim was under thirteen years old, and Appellant stated that he understood. N.T. at 12. The Commonwealth presented a recitation of the underlying facts supporting the plea and the nature of the charges, and Appellant acknowledged he understood his right to a jury trial and that he is presumed innocent until found guilty. N.T. at 15-24. Appellant stated that he was not forced or

promised anything in order to make his plea, N.T. at 14-15, and that it was intelligent, knowing, and voluntary. N.T. at 24. Finally, the no contest plea form was signed by Appellant in the presence of the court. N.T. at 13.

Therefore, since the colloquy illustrates that Appellant's plea was knowing and voluntary and he is bound by those statements and cannot make assertions to the contrary, we find no abuse of discretion and find Appellant's first claim to be frivolous.

Appellant's second issue on appeal is that his attorney did not procure a medical expert, and that had a medical expert been obtained who supported Appellant's position, he may not have pled guilty. Appellant's Br. at 4. We view this as a validity of the plea issue, and for substantially the same reasons as above, Appellant's second claim fails. Pennsylvania law presumes a defendant who entered a plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. **Kpou**, 153 A.3d at 1024.

> If a defendant voluntarily, knowingly, and intelligently wishes to acknowledge facts that in themselves constitute an offense, that acknowledgement is independent of the procedures of proving or refuting them.

**Commonwealth v. Watson**, 835 A.2d 786, 797 (Pa.Super. 2003). By pleading no contest, Appellant acknowledged the facts as stated by the Commonwealth, regardless of what medical expert testimony the Commonwealth would have presented at a trial to prove them, and regardless of if Appellant could have found an expert to refute them. **See id.** Appellant knew of his right to a jury trial and his right to call witnesses in his defense,

and he may not now contradict statements made during his plea colloquy. Thus, we find no abuse of discretion or error by the trial court.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023