J-S26035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR A. GILLESPIE | : | |
| | : | |
| Appellant | : | No. 2729 EDA 2022 |

Appeal from the PCRA Order Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007507-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR A. GILLESPIE | : | |
| | : | |
| Appellant | : | No. 2730 EDA 2022 |

Appeal from the PCRA Order Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007532-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR A. GILLESPIE | : | |
| | : | |
| Appellant | : | No. 2731 EDA 2022 |

Appeal from the PCRA Order Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007533-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>OMAR A. GILLESPIE</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 2732 EDA 2022</td></tr>
</table>

Appeal from the PCRA Order Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007537-2017

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>OMAR A. GILLESPIE</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 2733 EDA 2022</td></tr>
</table>

Appeal from the PCRA Order Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007535-2017

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 02, 2023**

Omar A. Gillespie appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Gillespie maintains that he is entitled to relief due to ineffectiveness of counsel. We affirm.

In October 2019, Gillespie entered a negotiated guilty plea to possession of a firearm prohibited, criminal conspiracy, and sale or transfer of firearms.[1]

---

[1] 18 Pa.C.S.A. §§ 6105, 903, and 6111, respectively.

The court sentenced Gillespie to five to 15 years' incarceration followed by 10 years of probation. Gillespie did not file a direct appeal.

Gillespie filed a timely *pro se* PCRA petition on October 19, 2020. The PCRA court appointed counsel, who filed an amended PCRA petition. The court issued a Rule 907 notice of intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907(1). The PCRA court subsequently dismissed Gillespie's petition on October 20, 2022. This appeal followed.

Gillespie raises the following issues:

1. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

   A. Whether [t]rial [c]ounsel's assistance was ineffective for causing [Gillespie] to enter an involuntary or unknowing guilty plea.

2. Whether the court erred in denying [Gillespie's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA regarding trial counsel's ineffectiveness.

Gillespie's Br. at 7.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Gillespie argues that his trial counsel was ineffective for causing him to enter an unknowing plea. Gillespie's Br. at 13. He maintains that counsel misled him into believing that as a condition of pleading guilty, his sentence would run concurrently to a parole violation that he was serving from an

alternate disposition. *Id.* Gillespie contends that counsel should have informed him that his sentence would instead run consecutively to his parole violation pursuant to 61 Pa.C.S.A. § 6138.[2] *Id.* at 14. He claims that "his counsel g[a]ve him erroneous advice, directly or by omission, and promised that if [he] pled guilty, [the sentencing court] would run his parole violation concurrent to any new sentence imposed." *Id.* According to Gillespie, he would not have chosen to accept the negotiated plea deal had he known this information. *Id.* at 15.

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that,

---

[2] Section 6138 provides, in relevant part:

> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i); *see also Commonwealth v. Kelly*, 136 A.3d 1007, 1013 (Pa.Super. 2016) (explaining that under section 6138(a)(5)(i), "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence").

- 4 -

"absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012).

"[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa.Super. 1996) (*en banc*). The "voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Lynch***, 820 A.2d 728, 733 (Pa.Super. 2003) (quoting ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super. 2002)). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" ***Commonwealth v. Diaz***, 913 A.2d 871, 873 (Pa.Super. 2006) (citation omitted). "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Yager***, 685 A.2d at 1004 (citation omitted) (alteration in ***Yager***). Further, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

At the conclusion of Gillespie's plea hearing, the following exchange occurred:

> [DEFENSE COUNSEL]: Your Honor, may I request upon this court that if the court sees appropriate this sentence run concurrent to any parole violation he may have?
>
> THE COURT: Parole violation?
>
> [DEFENSE COUNSEL]: Correct.
>
> THE COURT: I don't have jurisdiction over that.
>
> [DEFENSE COUNSEL]: That's what I explained but [Gillespie] asked me to request of this court if it is at all in your power to --
>
> THE COURT: It's not.
>
> [DEFENSE COUNSEL]: Thank you.

N.T., 10/22/19, at 22. Counsel then restated the court's sentence to Gillespie, and Gillespie indicated that he understood the sentence. *Id.* at 22-23.

The record belies Gillespie's claim that he was unaware that his sentence would not run concurrently to his parole violation. The sentencing court informed Gillespie at his plea hearing that it did not have jurisdiction over his parole violation and did not have the power to make his instant sentence concurrent with his parole violation sentence. Moreover, Gillespie's counsel explicitly stated on the record that he had already informed Gillespie that his new sentence could not be served concurrently with his parole violation. Gillespie indicated that he was satisfied with his counsel[3] and voiced no objection or misunderstanding as to his sentence. Further, Gillespie willingly

_____

[3] *See* N.T. at 7.

signed the written guilty plea colloquy,[4] which plainly states: "The sentence on this guilty plea may not run concurrent to (at the same time as) a state (back time) sentence for a parole violation." Written Guilty Plea Colloquy, 10/22/19, at 3. Thus, since the record indicates that Gillespie's guilty plea was made knowingly, his ineffectiveness claim lacks arguable merit.

Gillespie next argues that the PCRA court erred in failing to hold an evidentiary hearing. Gillespie's Br. at 16. He contends that he raised a genuine issue of material fact that he was told that his sentence would be concurrent to his parole violation. *Id.*

We review the denial of a request for an evidentiary hearing for abuse of discretion. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). A PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue of any material fact and the petitioner is not entitled to relief as a matter of law. *See* Pa.R.Crim.P. 907(2); *Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa.Super. 2005) (*en banc*).

Here, the record supports the PCRA court's findings that there were no genuine issues of material fact, and that no post-conviction relief was due to Gillespie. Therefore, we discern no abuse of discretion in the PCRA court's decision to deny Gillespie's petition without an evidentiary hearing.

Order affirmed.

---

[4] *See* N.T. at 3-4.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023