J-S38010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORY SUTTON | : | |
| | : | |
| Appellant | : | No. 283 EDA 2025 |

Appeal from the PCRA Order Entered January 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009145-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORY L. SUTTON | : | |
| | : | |
| Appellant | : | No. 284 EDA 2025 |

Appeal from the PCRA Order Entered January 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001710-2020

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 02, 2026**

Cory L. Sutton appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. He maintains that he is entitled to relief due to ineffectiveness of counsel. We affirm.

The facts were previously summarized as follows:

[O]n November 22, 2019, at about ten o'clock p.m.[,
Sutton] came to the complainant's home on the 1300 block
of Gilham Street. The complainant had asked [Sutton] to

come over to get his belongings. They were in a romantic relationship at the time. [Sutton] came to the 1300 block of Gilham Street, ran at the complainant, put his hands around her neck and impeded her breathing.

After this incident . . . the complainant obtained a protection from abuse order[.] A protection from abuse hearing was scheduled at Philadelphia Family Court for November 26, 2019. [Sutton] and the complainant were both aware of that hearing.

[O]n November 26, 2019, at about nine o'clock in the morning at 15th and Cherry Streets here in the city and county of Philadelphia outside of Family Court the complainant parked her vehicle and was approaching Family Court when she was approached by [Sutton], who again put his hands around her neck, impeded her breathing, and stated to her, ["S]o this is what we're doing.["]

*Commonwealth v. Sutton*, No. 2498 EDA 2021, 2023 WL 2151299, at *1 (Pa.Super. filed Feb. 22, 2023) (unpublished mem.) (citation omitted, some alterations in original).

On August 18, 2021, Sutton entered a negotiated guilty plea to two counts of strangulation and one count of retaliation. He was sentenced to an aggregate term of five to 10 years' imprisonment. Eight days later, Sutton filed a motion to withdraw his guilty plea alleging that plea counsel coerced him into pleading guilty. After a hearing, the trial court denied the motion. Sutton appealed from the judgment of sentence, and this Court affirmed. **See** **id.** at *4. Sutton did not seek further direct review.

On January 11, 2024, Sutton filed a *pro se* motion for reconsideration of sentence *nunc pro tunc*, which the court treated as a timely PCRA petition. The court appointed counsel, who filed an amended PCRA petition alleging

that plea counsel was ineffective for causing Sutton to enter an involuntary or unknowing guilty plea. The PCRA court issued a Pa.R.Crim.P. 907(1) ("Rule 907") notice of its intent to dismiss the PCRA petition. Sutton filed a *pro se* response to the Rule 907 notice. On January 10, 2025, the court dismissed Sutton's PCRA petition without a hearing. This timely appeal followed.

Sutton raises the following issues:

> A. Did the PCRA Court err by dismissing [Sutton's] PCRA petition without a hearing, where plea[]counsel was ineffective by inducing appellant to plead guilty under duress by advising or otherwise leading [Sutton] to believe, that if he did not plead guilty, his mother and brother could be prosecuted and plea[]counsel would withdraw on the eve of trial?
>
> B. Was PCRA counsel ineffective for abandoning [Sutton's] claim that prosecutorial misconduct and overreach in the form of indirect threats of criminal prosecution of [Sutton's] mother and brother, violated [Sutton's] due process rights under the Federal and Pennsylvania Constitutions?

Sutton's Br. at 8.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted). A PCRA petitioner must show, among other things, that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). "A

- 3 -

PCRA [p]etitioner cannot obtain PCRA review of previously litigated claims decided adversely to him in his direct appeal simply by presenting those claims again in a PCRA [p]etition and setting forth new theories of relief in support thereof." *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa.Super. 2000).

Sutton's issues raise claims of counsel's ineffectiveness. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that, "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012). Further, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015).

Sutton first claims that plea counsel was ineffective for allegedly coercing him to plead guilty. He states that plea counsel texted his mother and instructed her to contact the complainant. Sutton's Br. at 12. Sutton's brother was "also having back and forth text exchanges with the victim." *Id.*

- 4 -

Sutton explains that "[t]his was an issue as it may have been construed as a violation of a PFA and/or stay-away order(s), which prohibited contact by [Sutton] with the complainant, to include through third parties." **Id.** He maintains that plea counsel informed him that she may have to withdraw her appearance "because she may now potentially be a witness, having now been mentioned in one of the texts." **Id.** According to Sutton, he "was made to believe that if he did not plead guilty and take the offer, then plea[]counsel would have to withdraw from the case and appellant would be left with a new attorney unfamiliar with the case, on the eve of trial." **Id.** He states he additionally believed, per plea counsel's advice, "that if he did not plead guilty, then his brother and mother may be at risk of being prosecuted." **Id.** at 12-13. Sutton maintains that the PCRA court erred in dismissing his petition as partially previously litigated on direct appeal because the issue of plea counsel's ineffectiveness was never previously addressed. **Id.** at 13-14, 17-18.

"[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa.Super. 1996) (*en banc*). The "voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa.Super. 2003) (quoting **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002)). "The law does not require that appellant be pleased with

the outcome of his decision to enter a plea of guilty[.]" ***Commonwealth v. Diaz***, 913 A.2d 871, 873 (Pa.Super. 2006) (citation omitted). "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Yager***, 685 A.2d at 1004 (citation omitted) (alteration in ***Yager***). "[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013) (citation and internal quotation marks omitted).

The trial court must conduct an on-the-record inquiry to determine whether a plea is voluntarily and knowingly tendered before accepting the plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. ***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa.Super. 2016). In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court should consider the totality of the circumstances surrounding the entry of the plea. ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). Further, a defendant who elects to plead guilty is required to answer all questions during

the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003).

Here, Sutton argued that his plea was not knowing or intelligent on direct appeal. He claimed that "plea counsel erroneously advised [Sutton] to enter a plea because otherwise [Sutton's] mother and brother could be in legal jeopardy" and "he pleaded guilty because he thought that he would have to go to trial in one day with an attorney that did not know his cases." ***Sutton***, 2023 WL 2151299, at *2 (quoting Sutton's Direct Appeal Br. at 13). This Court determined that the trial court did not abuse its discretion in denying Sutton's motion to withdraw his guilty plea. ***Id.*** at *3. We noted that the court had colloquied Sutton on the record, wherein it covered each of the six required elements, and concluded that Sutton's plea was knowing, intelligent, and voluntary. ***Id.*** at *4. We further observed that Sutton had confirmed both orally and in writing that he understood the terms of his plea agreement, was satisfied with plea counsel, and had no further questions before proceeding. ***Id.***

Because this Court has found Sutton's underlying claim to be meritless, his challenge to plea counsel's effectiveness predicated on the same claim must fail. ***See Treiber***, 121 A.3d at 445. Although Sutton did not previously litigate the narrow question of plea counsel's ineffectiveness, Sutton's ineffectiveness claim nonetheless fails because his underlying claim lacks arguable merit. We thus affirm on alternate grounds.

Sutton next argues that PCRA counsel was ineffective by abandoning his claim of prosecutorial misconduct. Sutton's Br. at 24. He maintains that he raised this issue in his *pro se* response to the Rule 907 notice, and that he was entitled to an evidentiary hearing on this claim. ***Id.*** at 24, 28. In support of this claim, Sutton relies on his testimony at the hearing on his post-sentence motion to withdraw his plea. ***Id.*** at 25 (citing N.T., 11/19/21, at 7-13). There, Sutton testified that shortly before his guilty plea hearing, his counsel told him that she had a meeting with the prosecutor, and the prosecutor said that "first my mom -- first she can't come to court because of text messages. And my brother, she said, they're lucky they didn't call my brother in because of being in violation to the third party on talking to a victim because the victim was contacting my brother back and forth." N.T. at 6-7.

He further testified at that hearing that counsel told him that "due to the fact that [counsel] was mentioned in the text message[,] if we go to trial[,] she would have to come off my case, and I won't have her as a lawyer." ***Id.*** at 8. Sutton said that he therefore thought that he would have to go to trial that week with a new lawyer "who didn't know anything about" his case because trial was "scheduled for I think 12:00 the next day" and "I figured I was going to trial still with or without her." ***Id.*** at 9.

In alleging prosecutorial misconduct in the instant appeal, Sutton claims that the prosecutor "coerced and/or threatened him through plea[ ]counsel, with the possibility of criminal prosecution of his mother and brother," which was "a major factor in [him] pleading guilty." Sutton's Br. at 14. Sutton

explains that "[t]hreats of the possible prosecution of [his] mother and brother regarding third-party contact with the complainant . . . injected unfairness" and was "a due process violation." ***Id.*** at 25. In Sutton's view, "this was a prosecutorial overreach under the Federal and P[ennsylvania] Constitutions, as it forced him into foregoing his right to a trial." ***Id.*** at 14. He asserts that PCRA counsel had no reasonable basis in abandoning this issue without his consent and he was prejudiced by giving up his right to a trial. ***Id.*** at 28.

We note that Sutton claims for the first time that PCRA counsel rendered ineffective assistance, invoking ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021) (holding "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"). ***See*** Sutton's Br. 25. Sutton has thus properly raised a claim of PCRA's counsel's ineffectiveness under ***Bradley***. However, as we have concluded that Sutton's guilty plea was lawful, and discern no ineffectiveness by plea counsel, Sutton's claim of PCRA counsel's ineffectiveness affords no relief. Indeed, the only evidence of record that Sutton cites in support of his allegation of prosecutorial misconduct is his testimony at the hearing on his motion to withdraw his guilty plea. A review of his testimony does not indicate or suggest that the prosecutor did or said anything, much less committed prosecutorial misconduct. ***See*** N.T. at 6-10. PCRA counsel cannot be found to be ineffective for failing to bring a meritless claim. ***Treiber***, 121 A.3d at 445. Accordingly, this claim fails.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2026